Battle, J.
 

 It appears from the agreement of the parties •that at the time when the defendant purchased the steam engine in question at the public sale made by Pescud, the plaintiff was the owner of it, but it is contended for the defendant that the plaintiff, in consequence of his declarations and acts, Is stopped from asserting his title to the article. The argument is that it mnst be taken either, that the plaintiff had waived his title, and thereby authorized Pescud to sell the article, or that he cannot now be allowed to assert it, because it would be a fraud upon the defendant to permit him to do so. In support of his argument the counsel for the defendant has ■cited and relied upon the cases of
 
 Bird
 
 v.
 
 Benton,
 
 2 Dev. Rep. 179, and
 
 Cornish
 
 v.
 
 Abington,
 
 4 Hurl. and Nor. Rep. 549. In the first of these cases, it is held that a sale or pledge of a chattel by a person, who has no title, in the presence of the owner and without objection on his part, 'estops him from setting up his title to impeach the transaction. In the latter case, the Court says, that if from the actual expressions or course of conduct of one person, the other may reasonably infer the existence of an agreement or license, and acts upon such inference, whether «the former intends that he shall, do so or not, the party using the language, or who has so conducted himself, cannot afterwards gainsay the reasonable inference to be drawn from his words or conduct.
 

 To evade the force of these propositions, it is Insisted, .for
 
 *481
 
 the plaintiff, that at the time when he spoke to Pescndr he was ignorant of his own title, as he was also at the sale, and that there was no evidence to show that the defendant was misled by what he bad said or done, or that the defendant had purchased the article, in question, in consequence of his-declarations or acts.
 

 The counsel for the plaintiff has, in support of his views, referred to the case of
 
 West
 
 v. Tilghman, 9 Iredell Eep. 163, wherein it was decided that though the owner of a-slave, who is ignorant of his title, stands by and sees the slave sold by a person having no title, and makes no objection, yet he is not thereby estopped from asserting his claim.
 

 We have examined these and the other cases referred to by the counsel on both sides, and in our opinion the true principle to be derived from them is this : where a person purchases a chattel from another who is not the owner, and it is admitted by the parties, or. found by the
 
 jurj as a fact,
 
 that the purchaser was induced to make the purchase by the declarations, or acts of the true owner, the latter will be estopped from impeaching the transaction ; see
 
 Pickard
 
 v. Sears, 33 Eng. Com. L. Rep. 117. If, then, in the present case it had been stated as an agreed
 
 fact
 
 that the defendant purchased the steam engine in question from Pescud, in consequence of what the plaintiff told Pescud, or in consequence of the conduct of the plaintiff at the time of the sale, we should say that the latter could not recover. That fact eannot however be inferred by the Court from any thing stated in the case agreed, and it must be left as a question for the jury, upon whatever competent and relevant testimony the parties may be able to-produce on the trial. The case agreed was made up in the Court below, to be “ submitted to his Honor and to the jury,” and his Honor took it upon himself to decide a question of fact, which he ought to have left to the jury, in consequence of which, there is error, and the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.